Shi–Qi LI, Petitioner,

v.

Eric H. HOLDER Jr., U.S. Attorney General,\* Respondent.

No. 07–5171–AG.

United States Court of Appeals, Second Circuit.

June 23, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: Hon. DENNIS JACOBS, Chief Judge, and Hon. JON O. NEWMAN, and Hon. PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Shi–Qi Li, a native and citizen of the People's Republic of China, seeks review of an October 25, 2007 order of the BIA denying his motion to reopen. *In re Shi–Qi Li,* No. A73 507 919 (B.I.A. Oct. 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Li's untimely motion to reopen or in finding him ineligible to file a successive asylum application.

Li argues that the BIA erred by relying on its precedential decisions to conclude in summary fashion that he failed to demonstrate a material change in country conditions sufficient to excuse the time limitation for filing his motion to reopen. However, this argument fails where we have previously reviewed the BIA's consideration of similar evidence in the context

of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish materially changed country conditions. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

Specifically, Li asserts that in finding that he failed to establish changed country conditions, the BIA erred in according minimal weight to his affidavit, the letters from his father-in-law and brother stating that many individuals from his hometown have recently been forced to undergo sterilizations and abortions, and a notice, purportedly from the government of Hunan Town, indicating that he will be sterilized upon return to China because the birth of his children would be perceived as a violation of the family planning policy. However, Li's argument is unavailing, as the BIA explicitly considered Li's documents and found them insufficient to warrant reopening. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

■ While Li makes no such argument, we are nonetheless concerned that the BIA erred when it relied in part on "the previous adverse credibility finding" to find that Li's documents did not warrant reopening, as the agency ultimately found that Li was credible. Despite this error, however, remand would be futile because the BIA's decision to accord less weight to Li's documents did not rely solely on the "adverse credibility finding," but also on its determination that Li's affidavit was not based on personal knowledge, and that the letters and the notice were not original or authenticated, and were suspect because they contained statements inconsistent with documents it had evaluated in prior precedential decisions. *See Xiao Ji Chen,* 471 F.3d at 342; *cf. Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 148–49 (2d Cir.2007) (finding that the BIA's refusal to credit an unauthenticated document was not error where the rejection of the document was based substantially on legitimate credibility concerns and contrary evidence as opposed to being based solely on lack of authentication). Because we can confidently predict that the BIA would reach the same conclusion even absent its erroneous reasoning, remand is not required. *See Xiao Ji Chen,* 471 F.3d at 338; *Wei Guang Wang v. BIA,* 437 F.3d 270, 275–76 (2d Cir.2006) (allowing for the application of the futility exception to remand to motions to reopen).

Additionally, the BIA's determination that Li was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).